Date signed December 15, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                              :
                                                    :
GLOBAL SYSTEMS & STRATEGIES, INC. :                 Case No. 04-12045PM
                                                    :          Chapter 11
            Debtor                          :
- - - - - - - - - - - - - - - - - - - - - - - - :
JOSEPH PECAR                                :
NANCY PECAR                                 :
            Plaintiffs                      :
      vs.                                   :       Adversary No. 05-1980PM
GLOBAL SYSTEMS & STRATEGIES, INC. :
CITIZENS BANK OF PENNSYLVANIA       :
            Defendants                      :
- - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

Before the court is the Motion to Dismiss this adversary proceeding filed by the Defendant, Citizens Bank of Pennsylvania ("Citizens"). The grounds for the Motion are that the Complaint fails to state a cause of action against Citizens. In a nutshell, the Complaint charges that this fully secured creditor was not entitled to receive payments in excess of the amounts provided for under the consent order ("Agreement") between Citizens and the Debtor entered into February 25, 2004. The parties have thoroughly briefed the issues presented.

For the purposes of this Motion, the court will find that there was no express authorization for the payment of sums pursuant to the Agreement of the Debtor and Citizens beyond the sum that was approved by order of this court. However, this does not end the matter. Because Citizens is the only secured creditor, if the payments are avoided pursuant to § 549(a) and § 550(a), then § 502(h) of the Bankruptcy Code becomes applicable. That section provides:

**11 U.S.C. § 502.  Allowance of claims or interests**

> (h) A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (c) of this section, the same as if such claim had arisen before the date of the filing of the petition.

As noted in the case of *In re Adams*, 212 B.R. 703, 714 (BC Mass. 1997),

> A similar flaw is present in the Debtor's reliance on 11 U.S.C. § 549.  That statute allows a trustee (or a debtor, pursuant to § 522(h) to recover certain postpetition transfers.  It provides that "the trustee may avoid a transfer of property of the estate . . . that is not authorized under this title or by the court." § 549(a)(1)(B).  The purpose of § 549 "is to ensure that similarly situated pre-petition creditors are treated even-handedly." *Dave Noake, Inc. v. Harold's Garage, Inc. (In re Dave Noake, Inc.)*, 45 B.R. 555, 557 (Bankr. D. Vt. 1984); *see also Weiss v. People Savings Bank (In re Three Partners, Inc.)*, 199 B.R. 230, 237 (Bankr. D. Mass. 1995).  But, as with § 547, nothing would be achieved by recovering payment to a secured creditor who in any event is entitled to the payment ahead of other creditors. *See Three Partners*, 199 B.R. at 237 ("If the payments would be returned ultimately to the Bank upon disbursement of the assets of the estate, no benefit to the estate would accrue by their avoidance [under § 549].");  *Dave Noake, Inc.*, 45 B.R. at 557 (where creditor was secured to the full extent of debt owed it, postpetition payment of debt by debtor did not effect other creditors and was not avoidable under § 549).

The court agrees with the reasoning of these opinions, namely, that nothing can be accomplished by the avoidance of the questioned payments to Citizens.  Therefore the court will dismiss this adversary proceeding as to this Defendant.  *See also, In re Bank Vest Corp.*, 375 F.3d 51, 62-63, 68-70 (CA1 2004), and the cases cited therein.[1]

Because no cause of action is stated as to the Debtor, the court will dismiss this adversary proceeding as to it *sua sponte*.  An appropriate order will be entered.

---

[1]  Citizens also urges that the Pecars do not have standing to bring this adversary proceeding.  At issue is whether the Pecars have the consent from the Examiner appointed by this court pursuant to the Order entered July 7, 2005.  Based on the representation made by counsel during the argument, the court finds that counsel for the Pecars has obtained consent from the Examiner to file this adversary proceeding.

cc:

Richard H. Gins, Esq., 3 Bethesda Metro, Suite 530, Bethesda, MD 20814

Philip J. McNutt, Esq., Hughes & Bentzen, 1667 K Street, N.W. Washington, DC 20006

United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

James Vidmar, Examiner, Linowes & Blocher,
      7200 Wisconsin Avenue, #800, Bethesda, MD 20814

Jeffrey W. Rubin, Esq., Shulman Rogers, 11921 Rockville Pike, Rockville, MD 20852

**End of Memorandum**